FILED
7/10/2020 5:41 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Victoria Angeles

Case 5:21-cv-00307   Document 1-3   Filed 03/26/21   Page 1 of 7



CAUSE NO.: **2020CI12601**

| | | |
|---|---|---|
| **ANDREA JOHNSON** | § | IN THE DISTRICT COURT |
| **Plaintiff** | § | |
| | § | |
| **VS.** | § | |
| | § | 57th  **JUDICIAL DISTRICT** |
| | § | |
| **JAIPERSAD GILDHARRY AND** | § | |
| **SE INDEPENDENT DELIVERY,** | § | |
| **LLC** | § | |
| **Defendants** | § | **BEXAR COUNTY, TEXAS** |

---

**PLAINTIFF'S ORIGINAL PETITION**
**TRCP 193.7 NOTICE OF SELF-AUTHENTICATION**
**TRCP 194.2 REQUESTS FOR DISCLOSURE**

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

Now comes Andrea Johnson, hereinafter referred to by name or as Plaintiff, complains of

Jaipersad Gildharry and SE Independent Delivery, LLC. hereinafter referred to by name or "SE

Independent Delivery" as Defendants, and for cause of action would respectfully show unto the

Court as follows:

## I.   DISCOVERY CONTROL PLAN

1.      Plaintiff intends that discovery be conducted under Level 3 of Rule 190 of the

Texas Rules of Civil Procedure.

## II.   PARTIES

2.      Plaintiff Andrea Johnson is an individual residing Guadalupe County, Texas.

3.      Defendant Jaipersad Gildharry is an individual residing in Bexar County, Texas,

and may by served with process at his residence at 6922 N. Interstate 35, San Antonio, TX 78218-

4461.

4.      Defendant SE Independent Delivery is a corporation doing business in Bexar County,

Texas, and may be served with process upon the Registered Agent, CT Corporation System, located at 1999

Bryan St., Suite 900, Dallas, TX 75201.

### III.   JURISDICTION AND VENUE

5.      This court has jurisdiction over the parties because the amount in controversy is within the jurisdictional limits of this court. Additionally, this Court has jurisdiction over the parties because each Defendant is a Texas Resident and/or does business in the State of Texas.

6.      Venue in Bexar County is proper in this cause under Section 15.002(a) (1) of the TEXAS CIVIL PRACTICE AND REMEDIES CODE because all, or a substantial part, of the events or omissions giving rise to this lawsuit occurred in this county.

### IV.   FACTS

7.      On or about March 20, 2019, Plaintiff Andrea Johnson was operating a 2015 Nissan Altima in a lawful manner in the vicinity of 4800 Block of Gibbs Sprawl and 5500 FM 78 in Kirby, Texas. Plaintiff was coming to a stop at a yellow light when, suddenly and without warning, her vehicle was struck from behind by the Defendant Jaipersad Gildharry, who was operating a white 2000 Volvo tractor, hauling a white Great Dane trailer, which was owned by Defendant SE Independent Delivery.  In so doing, the Defendants' vehicle caused significant damage to Plaintiff's vehicle, and as a result of the collision, Plaintiff sustained injuries to her body, as more fully set forth below.

### V.   PLAINTIFF'S CAUSE OF ACTION AGAINST DEFENDANT JAIPERSAD GILDHARRY

*A.   Negligence*

8.      The occurrence made the basis of this suit, reflected in the above paragraphs, and the resulting injuries and damages of Plaintiff was proximately caused by the negligent conduct of the Defendant, Jaipersad Gildharry, who operated the vehicle he was driving in a negligent manner and breached the duty which he owed the Plaintiff to exercise ordinary care in the operation of the

motor vehicle in one or more of the following respects, in that he:

    a.    failed to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;

    b.    failed to timely apply the brakes of the vehicle in order to avoid the collision in question; and

    c.    displayed driver inattention, given the circumstances.

### B. *Negligence Per Se*

9.    Further, Defendant failed to exercise the mandatory standard of care in violation of V.T.C.A. Transportation Code, §545.062 (a) pursuant to the negligence Per Se Doctrine which mandates that:

**§545.062. Following Distance.**

(a)    An operator shall, if following another vehicle, maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle or veering into another vehicle, object, or person on or near the highway.

### VI. PLAINTIFF'S CAUSE OF ACTION AGAINST DEFENDANT SE INDEPENDENT DELIVERY

### A. *Negligence*

10.    The Plaintiff incorporates by reference all other paragraphs of this petition as if fully set forth herein.

11.    The Plaintiff would show that Defendant SE Independent Delivery is liable for negligence in one or more of the following respects, in that it:

    a.  Failed to hire competent and qualified drivers to drive and operate its vehicles;

    b.  Failed to properly supervise its drivers, agents, employees or other individuals acting on its behalf;

    c.  Failed to properly train its drivers, agents, employees or other individuals acting on its behalf;

    d.  Failed to follow its own safety guidelines, policies and procedures; and

    e.  Failed to supervise and properly instruct its drivers, agents, employees or other individuals acting on its behalf to safely navigate the roads to Texas and follow the safety laws in place at the time of the accident.

12.    Each of these acts and omissions, singularly or in combination with others, constituted negligence and proximately caused the occurrence made the basis of this action, including the injuries sustained by the Plaintiffs.

**B.**    ***Respondeat Superior***

13.    Alternatively, and without waiving the foregoing, the plaintiff would show that at the time of the incident made the basis of this lawsuit, on or about March 20, 2019, Defendant Jaipersad Gildharrywas engaged in the course and scope of his employment with Defendant SE Independent Delivery. Therefore, Defendant SE Independent Delivery is responsible and liable for the conduct of its employee, based on the doctrine of *Respondeat* Superior.

**C.**    ***Negligent Entrustment***

14.    Defendant SE Independent Delivery had a duty to exercise the degree of care that a reasonably careful party would use to avoid harm to others under circumstances similar to those described herein.

15.    Defendant SE Independent Delivery violated the duty which was owed to Plaintiffs and is negligent in its entrustment of the vehicle to Defendant Jaipersad Gildharry.

16.    As described herein, Defendant SE Independent Delivery was negligent on the occasion in question and such negligence was the proximate cause of the Plaintiff's injuries and damages.

17.    These acts or omissions, whether taken singularly or in any combination,

constitute negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which she will continue to suffer in the future, if not for the remainder of her natural life, and the damages and other losses to Plaintiff.

## VII. DAMAGES

18.    As a direct and proximate result of the collision and the negligent conduct of the Defendants, Plaintiff suffered bodily injuries as reflected in the medical records from the health care providers that have treated the injuries since the collision. The injuries may be permanent in nature. The injuries have had a detrimental effect on the Plaintiff's health and well-being. As a further result of the nature and consequences of her injuries, Plaintiff has suffered and may continue to suffer into the future, physical pain and mental anguish.

19.    As a further result of all of the above, Plaintiff has incurred expenses for her medical care and attention in the past and may incur medical expenses in the future to treat her injuries.

20.    Plaintiff has also suffered losses and damages to her personal property, including but not limited to damage to her vehicle.

21.    By reason of all of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of this Court for which they now sue.

22.    Pursuant to RULE 47 OF THE TEXAS RULES OF CIVIL PROCEDURE, Plaintiff seeks monetary relief for more than one million and 00/100 dollars ($1,000,000.00).

## VIII. INTEREST

23.    Plaintiff further requests both pre-judgment and post-judgment interest on all of her damages, as allowed by law.

## IX.   **DEMAND FOR JURY**

24.     Plaintiff demands a trial by jury. Plaintiff acknowledges payment this date of the required jury fee.

## X.   **REQUEST FOR DISCLOSURE**

25.     Pursuant to RULE 194 OF THE TEXAS RULES OF CIVIL PROCEDURE, Defendants are requested to disclose to Plaintiff at the offices of the undersigned counsel for Plaintiff, within thirty (30) days of service of this request, the information or material described in Rule 194.2, including all subparts.

## XI.   **NOTICE OF SELF-AUTHENTICATION**

26.     Pursuant to RULE 193.7 OF THE TEXAS RULES OF CIVIL PROCEDURE, Defendants are hereby noticed that the production of any document in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial.

## XII.   **DESIGNATED E-SERVICE EMAIL ADDRESS**

27.     The following is the undersigned attorneys' designated E-Service email address for all e-served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a: csolis@hilley-solis.com and dhilley@hilley-solis.com.  This is the undersigned's only E-Service email address, and service through any other email address will be considered invalid.

## XIII.   **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendants be cited and be commanded to appear and answer this lawsuit in the time and manner prescribed by law and that upon final hearing thereon, Plaintiff be awarded a Judgment of and against the Defendants in the sums sued for herein, for costs of Court in this behalf expended, for prejudgment interest on the amount awarded as damages at the legal rate from the date of accident to the date of judgment, and thereafter

at the post-judgment rate until paid, and for such other and further relief to which this Plaintiff is entitled in law and in equity and as this Court may deem just and proper.

Respectfully submitted,

HILLEY & SOLIS, P.L.L.C.
6243 W. Interstate 10, Suite 503
San Antonio, TX 78201
Telephone: (210) 446-5000
Telecopier: (210) 446-5001

By:_____

CARLOS A. SOLIS
State Bar No. 24060636
csolis@hilley-solis.com

DEREK HILLEY
State Bar No. 24056770
dhilley@hilley-solis.com